SIMEON B. SHONINGER AND ANOTHER *vs.* FREDERICK A. PEABODY.

New Haven and Fairfield Cos., Oct T., 1890.  ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, Js.

The agent of the plaintiffs sold the defendant a piano, and the plaintiffs brought suit to recover the price.  While the suit was pending the agent, who had left the state, gave a deposition in which he stated that he agreed to take payment for the piano in commissions for services to be rendered to him personally by the defendant as a stock broker.  The defendant denied this and claimed to have paid all of the price but forty dollars in cash and pleaded a tender of the forty dollars.  The plaintiffs had no knowledge of the terms on which the agent claimed to have sold the piano until his deposition was given.  Held that, in the uncertainty in which the matter stood, the plaintiffs were not to be charged with such knowledge that the piano was sold on the terms stated by the agent, that their continuing to prosecute the suit was a ratification of the sale upon those terms.

In any view of the case the plaintiffs were entitled to recover the forty dollars tendered.

[Argued October 28th—decided December 15th, 1890.]

SUIT for the correction of the finding and judgment in the case of *Shoninger* v. *Peabody*, reported in 57 Conn. R., p. 42, and for a new trial of the case; brought to the District Court of Waterbury.  The material part of the complaint was as follows:

1. Said Shoninger & Co. brought a civil action in assumpsit to this court, returnable on the first Monday of February, 1887, and at the January term of this court, 1888, a trial

was had of said cause upon issue joined on the answer of the
defendant before the court, and a judgment was rendered
for the plaintiffs to recover the sum of $225 and costs.

2. In making up the judgment in said case, and the find-
ing therein, a mistake was made by inserting in the finding
the following words: " The plaintiffs were informed of the
terms of the sale after Day had left their employ, and be-
fore the bringing of this suit." There was no evidence on
the trial of said case of any such fact, and the above state-
ment was untrue, and was inserted therein by inadvertence
or mistake.

3. In consequence of said mistake, and of the above clause
in said finding and judgment, by the advice of the Supreme
Court of Errors the judgment of this court in favor of the
plaintiffs has been reversed, and a judgment in said case
rendered for the defendant.

4. It was a material question whether the plaintiffs had
knowledge of the terms of the sale before the bringing of
said suit, and by reason of said mistaken and untrue state-
ment in the finding and judgment in said case a judgment
has been rendered against the plaintiffs for costs, which is
unjust.

7. The defendant refuses to allow the tender of $40 men-
tioned in his answer in the original action and refuses to
pay the same to the plaintiffs, or to allow the plaintiffs the
benefit of the same in said action or in the judgment therein.

The plaintiffs claim that said former finding and judgment
be corrected by amending the finding, and making the same
correspond to the evidence in the case, striking out there-
from the said untrue statement; and that said judgment
against the plaintiffs be set aside, and they be allowed a new
trial of said cause, and that execution for costs against the
plaintiffs be stayed.

The court made the following finding:—The court finds
that the finding of facts in the original case should be
amended as follows: The plaintiffs had no knowledge of
the terms of the sale before the bringing of the suit, but
were informed that Mr. Day, the agent, claimed that the

piano was to be paid for in commissions, as stated in the former finding, at the time Day gave his deposition, which was in October, 1887, while the suit was pending. The defendant denied that there was any agreement by him with Day that the piano should be paid for in commissions on his stock transactions with Day, and testified on the trial that all the items in the defendant's bill of particulars on the former trial were paid by him in cash. The defendant now refuses to allow the tender of $40 allowed in his answer in the original complaint, or to pay or allow the plaintiffs the benefit of the same in said action or in the judgment thereon.

Upon these facts the case was reserved for the advice of this court.

*S. W. Kellogg*, with whom was *J. P. Kellogg*, for the plaintiffs.

1. At the former hearing of this case (52 Conn., 42,) the record was that the piano was to be paid for in commissions upon stock transactions between Day, the agent, and the defendant; and that " the plaintiffs were informed of the terms of the sale after Day left their employ, and before the bringing of this suit." Upon that finding this court, to its own strongly expressed regret, reversed the judgment upon the ground that the plaintiffs had ratified the contract by bringing suit upon it with full knowledge of the terms of the sale. The finding now is " that the plaintiffs had no knowledge of the terms of the sale before the bringing of the suit." The first they heard of it was nearly a year afterwards, when they " were informed that Mr. Day, the agent, claimed that the piano was to be paid for in commissions." This was in a deposition given in Canada, where Day had absconded. The plaintiffs had never seen him from the hour he absconded. But when they heard of this claim they went to the defendant, and he denied that there was any such agreement. He denied it down to the time of the trial, and testified that all the items in his bill of particulars were paid in cash. All this appears in the record as now before

the court; and we submit that it takes the case entirely out of the reasons for the former decision against the plaintiffs.

2. As to the tender of $40. The defendant certainly waived his right to have that sum paid in the manner specified in the contract, if he had ever assented to or made the contract. He tendered so much money as the balance due on the piano; he pleaded that tender in the case, and the fact of the tender is found. Having done that, the plaintiffs are entitled to that sum at any time. He cannot withdraw that tender, as he has done, and take the benefit of it at the same time. No final judgment has yet been rendered in the case. The defendant having withdrawn the tender, judgment should be rendered against him for at least that amount. 1 Rev. Swift's Dig., 292. A plea of tender admits the cause of action to the amount tendered. *Eddy* v. *O'Hara*, 14 Wend., 221; *Eaton* v. *Wells*, 82 N. York, 576.

*J. O'Neill*, for the defendant.

1. The case as now presented is, that the plaintiffs continued to prosecute a suit for the agreed price of a piano, after they had knowledge of a wrongful sale thereof by their agent. *Shoninger* v. *Peabody*, 57 Conn., 42, settles the doctrine that, having commenced the suit with knowledge of the wrongful act of their agent, they thereby affirmed his contract. The fact that they elected to continue their action for the agreed price of the piano, after knowledge of the wrongful sale by their agent, will have just the same effect on the plaintiffs as if they made their election before the suit was begun. *Sanger* v. *Wood*, 3 Johns Ch., 416; *Peters* v. *Ballister*, 3 Pick., 495; *Butler* v. *Hildreth*, 5 Met., 49; *Sears* v. *Carrier*, 4 Allen, 339.

2. The plaintiffs do not offer to rescind; they insist on having a new trial. What better off will they be if a new trial shall be granted? A new trial will not be granted unless it appears that a different result will probably be reached. If a new trial were granted, the plaintiffs would be obliged to discontinue their present action, restore to the defendant the money actually paid by him to the agent Day,

on account of the piano, and then bring an action of trover
or replevin. *Shoninger* v. *Peabody, supra.* Even then it is
not clear that they have not already elected irrevocably to
stand on the contract. *Grymes* v. *Sanders*, 93 U. S. R., 55;
*Beetem's Admrs.* v. *Burkholder*, 69 Penn. St., 249; *Bulkley*
v. *Morgan*, 46 Conn., 393; *Disbrow* v. *Secor*, 58 id., 35.

3. The plaintiffs claim that the court ought to have ren-
dered a judgment for them to recover the $40 tendered by
the defendant. In reply we say that the plaintiffs could
only have recovered on the contract set forth in their com-
plaint. They were not entitled to recover on the allegations
of the defendant. The fact that the defendant in his answer
admitted that he made a contract by the terms of which the
plaintiffs might have been entitled to recover something,
would not authorize a judgment in their favor. *Zacarino* v.
*Pallotti*, 49 Conn. 36.

CARPENTER, J. When the original case was before this
court, (57 Conn., 42,) the question was not, whether the
piano was sold to the defendant, but what were the terms
of the sale? The sale was admitted. The pleadings raised
no question as to the terms of sale. That question arose
upon the evidence. The plaintiffs' agent, who sold the
piano, testified that payment was to be made in commissions
to be earned by the defendant as a broker in the business of
the agent. It appeared that the defendant paid $75 in cash,
that he earned commissions on the agent's account amount-
ing to $185, and that there was $40 of the purchase price
still due. The defendant testified that the commissions
were not applied in payment, but that the payments were
in fact made in money. If the defendant was right, then
he should have been credited with the further sum of $185.
If the testimony of the agent was true, and that sum was
not paid in cash, but in commissions, the plaintiffs would
not be bound by such payments unless they had ratified the
contract as to the mode of payment.

The trial court disallowed said sum of $185. In doing so
the judge must have believed the testimony of the agent,

and found that he agreed to take pay in commissions earned on his private account. It further appeared that the plaintiffs had full knowledge of this agreement before they brought the suit. This court held that the court erred in disallowing the sum of $185, on the ground that bringing the suit with knowledge affirmed not only the sale but the terms of the sale; that they could not affirm the sale and disaffirm the terms, affirm in part and disaffirm in part.

When that judgment was reversed, the proper thing for the lower court to have done, as it now seems to us, was to allow the $185 and render judgment for the plaintiff for the balance. Then, if there had been no tender, the plaintiffs would have recovered full costs; if there was a tender the defendant would have had judgment for costs.

The precise nature of the judgment rendered by the district court does not appear. The complaint for a new trial alleges in general terms that judgment was rendered for the defendant. The finding is silent on that subject. Whatever may have been the form of the judgment, it is quite clear that the plaintiffs took nothing by their suit; for it is distinctly found "that the defendant now refuses to allow the tender of $40 allowed in his answer in the original complaint, or to pay or allow the plaintiffs the benefit of the same in said action or in the judgment thereon."

As the record then stood, even, the judgment for the defendant has the appearance of being unjust. It being a suit to recover the admitted balance of the purchase money, we can conceive of no possible defense to it.

It is contended in behalf of the defendant that the plaintiffs, by continuing to prosecute their suit after they had knowledge of the testimony of the agent as to the terms of the sale, thereby ratified the sale on those terms. Even if that be so, the fact still remains that the plaintiffs have been deprived of the balance of the purchase money to which they are clearly entitled. In reply to this it may be said that whatever injustice has been done, was done by the judgment; that this is an application to open that judgment for one specified reason; and that the court will not grant a

new trial on one ground that has been asked for on another. That is doubtless true; nevertheless, the question whether justice requires it is necessarily involved in every application for a new trial. And it is also true that the court must be able to see that it is probable that injustice, if any has been done, will be remedied on another trial. If there has been no ratification, the plaintiffs may fairly claim that they should not be charged with the commissions. In that event the first judgment in their favor was right. If the fact which appeared in that record, and from which a ratification was inferred, now disappears, it is clear that the plaintiffs are entitled to a new trial, unless there is some other fact in the case from which a ratification ought to be inferred. That brings us to the question whether it ought to be inferred from the fact that the plaintiffs prosecuted their suit after the information they received.

Knowledge of a fact is one thing; knowledge that one man claims the fact to exist, and another denies it, is another. The two things may be followed by very different legal consequences. The law subjects parties to the consequences of existing facts, whether known to them at the time or not. When a party has absolute knowledge of a fact, such knowledge may affect some right, or charge him with certain legal consequences; but as a matter of law will such consequences result from anything short of actual knowledge? Will the mere knowledge that one man asserts a thing and another denies it, be sufficient? Will it charge him with a knowledge of the alleged fact? If so, will it not with equal propriety charge him with knowledge of its non-existence? Will the law be so absurd? The law may well hold parties responsible for facts when those facts have been judicially determined. Mistakes will sometimes occur in ascertaining such facts, and thereby injustice may sometimes result. That is unavoidable. But will the law impute knowledge to a man, and thereon found a liability, in a case where it is impossible for him to know? The law requires an impossibility of no man.

But the question does not necessarily arise here. The

suggestion assumes what may not be true—that there was such an agreement as the agent swears to. It may be that when that matter is properly put in issue by the pleadings, it will be determined that there was no such agreement; that the commissions were actually paid to the defendant in cash, and that the items in the defendant's bill of particulars were paid in money. In that event the question of ratification is eliminated from the case.

But the agreement, under the pleadings as they now stand, is only important as it bears upon the question whether the defendant's charges should be allowed or disallowed. If cash was charged, and not commissions, then the agreement is immaterial. If commissions were charged, and there was such an agreement, then the question arises—are the plaintiffs bound by that agreement? Even then, it will be observed, its effect is limited to the question of allowing or rejecting the defendant's charges. It cannot have the effect, as counsel seem to assume, to defeat the action. The plaintiffs sued on a contract; the answer admits a contract; and neither party pleads a special agreement, or claims one, except for the one purpose above named.

To return to the question—can the plaintiffs repudiate Day's agreement to take pay in commissions, and thereby defeat the defendant's charges? That question has not been decided, nor has it been discussed except incidentally, and we will not anticipate it. That question, and the question whether the plaintiffs are entitled to the amount tendered, have not been decided. As the case now stands there has been a practical denial of justice.

We do not assent to the proposition of the defendant, that "if a new trial were granted the plaintiffs would be obliged to discontinue their present action, restore to the defendant the money actually paid by him to the agent Day on account of the piano, and then bring an action of trover or replevin." If we did we should hesitate to advise a new trial for that purpose. If the present judgment would be a bar to another action, possibly that course would be allowable.

In this case the plaintiffs may elect to stand upon the contract, whatever it may finally be determined to be. If so, their failure to rescind and restore to the defendant the money paid, does not stand in the way of granting a new trial.

The defendant however interposes another objection, namely, " that the plaintiffs could have recovered only on the contract set forth in their complaint. They were not entitled to recover on the allegations of the defendant."

This objection cannot avail. This is an action with the common counts only, to recover the consideration of a contract fully executed by the plaintiffs, and not an action upon a special contract. So far as the terms of the contract are in dispute, they do not relate to performance by the plaintiffs, but solely to the mode and terms of payment. They cannot defeat the plaintiffs' right to maintain the suit, although they may affect the amount to be recovered.

Our conclusion is that upon the amended record the judgment against the plaintiffs is manifestly unjust, and that probably the result of another trial would be different. We therefore advise a new trial.

In this opinion the other judges concurred.