[No. 6346. Decided June 3, 1907.]

## W. H. HEINZERLING, *Respondent*, v. JOHN B. AGEN, *Appellant*.[1]

PRINCIPAL AND AGENT—AUTHORITY—RATIFICATION—NOTICE TO PUT ON INQUIRY—INSTRUCTIONS. Upon an issue as to whether a principal ratified the unauthorized act of his agent in agreeing to give another one-half of what might be collected upon a claim purchased from such third person, it is error to instruct that the jury might find such ratification if the principal had sufficient knowledge of the transaction to put him on inquiry; and such error is prejudicial where there was conflict as to whether the principal had actual knowledge, and it cannot be said that no other verdict would have been rendered (CROW and DUNBAR, JJ., dissenting).

PRINCIPAL AND AGENT—PROOF OF AGENCY—QUESTION FOR JURY. Where the principal's acts and admissions tend to show that one M. was acting as agent in purchasing a claim, and M. testified that, in making a compromise, he yielded to that claim, although he acted on his own behalf, the question of his agency is for the jury.

Appeal from a judgment of the superior court for King county, Albertson, J., entered April 24, 1906, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Reversed.

[1]Reported in 90 Pac. 262.

*Blaine, Tucker & Hyland*, for appellant.
*Gill, Hoyt & Frye*, for respondent.

FULLERTON, J.—The respondent held an unliquidated claim for damages against one Brokaw, arising out of the sale of certain shares of stock which the respondent had been induced to make, at a loss, by reason of the fraudulent representations of Brokaw. The appellant knew of this claim, and sent one J. A. Munroe, who was then in his employ as bookkeeper and general assistant, to purchase the claim, authorizing him to pay for it $40 or $50. Munroe went to the respondent and made the purchase, taking the assignment of the claim in his own name, but instead of the consideration authorized, agreed to give the respondent one-half of all that might be collected from Brokaw on account of the claim. Munroe shortly thereafter collected $1,200 on account of the claim, and notified the appellant of such collection by telegram, Munroe being then in Seattle and the appellant in California. Afterwards Munroe brought an action against the appellant seeking to recover $3,100, claimed to be owing him by the appellant, partly for unpaid salary and partly on account of a collection the appellant had made from Brokaw by his aid, and for which the appellant had promised to remunerate him as for extra services over and above his salary. In answer to this action by Munroe, the appellant set up the transaction had between the respondent and Munroe, claiming the $1,200 collected of Brokaw as his money, and sought to have the same offset against any money he might be owing Munroe. This action the parties thereto subsequently settled by the appellant paying Munroe $1,000. The respondent, on learning that Munroe was acting as the appellant's agent when the Brokaw claim was assigned to him, and that the appellant was claiming the benefit thereof, brought the present action against him to recover the one-half of the money collected from Brokaw due him by the terms of the contract of assignment. The appellant for answer filed a general denial, and on the

issues thus made, a trial was had, resulting in a verdict and judgment for the respondent, from which this appeal is taken.

On the trial it was conceded that Munroe had departed from his instructions in making the purchase of the Brokaw claim from the respondent, and that if the appellant was to be held bound by the contract he must be held on the theory that he had ratified the same. On the question of ratification, and the question whether or not the appellant had knowledge of all the facts surrounding the transaction when he committed the acts thought to amount to a ratification, the evidence was conflicting, and it became necessary to submit the question to the determination of the jury. In doing so the court charged the jury in part as follows:

"If you should believe from the evidence that the original authority of Munroe was simply to buy this claim of the plaintiff against Brokaw for forty or fifty dollars, yet, if you should further believe from the evidence that thereafter it came to the knowledge of the defendant that Munroe had purchased this claim for him from the plaintiff, with the agreement that the plaintiff was to receive a certain proportion of the collections—I say, if thereafter it came to the knowledge of the defendant that this was the sort of a contract that Munroe made, and he adopted the same as his own contract, recognized it as his own contract, it would be a ratification of the contract, although it differed in terms from the contract which he originally authorized, and that is a question upon which you are to pass in this case. It must be shown that he either had actual knowledge of the variance in the terms of the contract which he originally authorized, or knowledge of such facts and circumstances as would put a reasonably prudent man upon inquiry; and if, with the knowledge of such facts he adopted the contract made under such circumstances, and recognized it as his own contract, he would thereby ratify the contract and become liable for the performance of it; and if you believe, under these circumstances, that such a contract was made between Munroe and the plaintiff regarding this claim of the plaintiff against Brokaw, and if you believe that, under the evidence and the instructions which you receive from the court, the defendant ratified this contract with knowledge of the terms of it, then the plaintiff

would be entitled to recover in accordance with the terms of
the contract made between him and Munroe."

The appellant contends that in order to charge a principal
with the unauthorized contract of his agent by ratification, it
is necessary to show that the ratification was made with actual
knowledge of all the material facts surrounding the trans-
action, and that the trial court erred in that part of the fore-
going instruction wherein it charged the jury that it was
sufficient to bind the principal if it appeared that at the time
the ratification was made he had "knowledge of such facts
and circumstances as would put a reasonably prudent person
upon inquiry."

The authorities support the appellant's contention. The
general rule undoubtedly is that a principal, before he can
be charged with the unauthorized act of an agent by ratifi-
cation must be shown to have ratified the contract with full
knowledge of all the facts attending the transaction; the only
exception being where he accepts the benefits of the contract,
or intentionally assumes the obligation without inquiry. As
said in *Brown v. Bamberger, Bloom & Co.*, 110 Ala. 342, 20
South 114:

"The doctrine of constructive knowledge, or imputation of
knowledge from mere notice, does not obtain in this connec-
tion. It is what the party sought to be charged knows and
not what he has mere legal notice of, that is to be considered
in determining whether there has been a ratification. He is
charged on full knowledge, and not because he ought to have
known, but did not, not because he had notice which should
have incited him to an inquiry, which if properly prosecuted
would have brought knowledge. As said by Judge Story:
'The principal, before a ratification [of the unauthorized act
of an agent] becomes effectual against him, must be shown
to have had previous knowledge of all the facts and circum-
stances in the case, and if he assented to or confirmed the act
of his agent, while in ignorance of all the circumstances, he
can afterwards when informed thereof, disaffirm it. And the
principal's want of such knowledge, even if it arises from his
own carelessness in inquiring or neglect in ascertaining facts,

or from other causes, will render such ratification invalid. His knowledge is an essential element.' Story, Agency, § 231, n. 1."

See, also, Mechem, Agency, §§ 129, 148; Clark & Skyles, The Law of Agency, § 106; *Armstrong v. Oakley*, 23 Wash. 122, 62 Pac. 499; *Shoninger v. Peabody*, 59 Conn. 588, 22 Atl. 437.

Tested by the foregoing rule, that part of the charge of the court complained of was erroneous; and requires a reversal of the judgment, unless, as the respondent insists, it is not prejudicial, but we think the record, so far from showing that the error was not prejudicial, shows affirmatively that it might have been so. There was a sharp conflict in the evidence over the question whether the appellant had knowledge, at the time he committed the acts thought to amount to a ratification, of the fact that his agent had agreed to give the respondent, in consideration of the assignment, one-half of any sum that might be collected on the assigned claim, and the jury might have found that he had no actual knowledge of the fact, but did have such knowledge thereof as would put a reasonably prudent person on inquiry. Nor can we say that the evidence admitted of no other verdict than that returned by the jury. On all of the material issues there was a substantial dispute, and the case on the facts was one preeminently for the jury.

It is next urged that the court erred in refusing to grant a nonsuit at the close of the respondent's case. This is based on the contention that the evidence failed to show that Munroe was the appellant's agent when he took the assignment. Munroe did testify that he took the assignment originally on his own behalf, but that when the appellant claimed that he took it as his agent he yielded to that claim, and settled with him on that basis. The appellant's acts and admissions, also, support the contention that Munroe was acting as his agent and not independently when he took the assignment. This was sufficient to make a case for the jury, and the court very properly submitted it to them.

The remaining assignments do not require special consideration. It is sufficient to say, therefore, that we have examined them and find them without merit.

For the error noted, the case is reversed and a new trial awarded.

HADLEY, C. J., RUDKIN, ROOT, and MOUNT, JJ., concur.

CROW, J. (dissenting)—Being of the opinion that the instruction complained of stated the law, I dissent.

DUNBAR, J., concurs with CROW, J.