[No. 6911. Decided January 20, 1908.]

A. A. AMES, *Respondent*, v. FARMERS AND MECHANICS BANK, *Appellant*.[1]

BANKS AND BANKING—DEPOSITS—RELATIONS WITH DEPOSITORS— AUTHORITY TO OPERATE BRANCH BANK—EVIDENCE — ADMISSIBILITY. Upon an issue as to whether a defendant bank authorized the establishment of a branch in a nearby town, it is competent to show that an advertisement was published in a newspaper making such representation, and that the same was mailed directly to the defendant, and also of a similar circular received by the defendant at its office; it being for the jury to say whether the defendant bank had knowledge of the contents of the paper and circulars.

SAME. Upon such an issue, an application and a surety bond containing recitals that the branch bank was controlled by the defendant bank, signed by the executive officers of both banks, are admissible in evidence, where the course of dealing was such that the directors by ordinary diligence could have known the facts.

SAME. For the same reason, letterheads of letters sent to the defendant bank containing the statement that it was a branch of the defendant, are admissible in evidence.

[1]Reported in 93 Pac. 530.

EVIDENCE—WRITING—PART OF INSTRUMENT—APPEAL—REVIEW.   It is not error to admit in evidence only part of an assignment of a cause of action, where the detached part was excluded at the instance of the appellant as improper, and sufficient appears to show respondent's right to sue.

BANKS AND BANKING—DEPOSITS—ACTIONS TO RECOVER—PLEADING —ISSUES—INSTRUCTIONS.   In an action to recover bank deposits in an alleged branch of the defendant bank, where the whole controversy was as to whether defendant had at all times been in possession of the branch bank, an affirmative defense that the plaintiffs were in possession of the assets raises no new issue, and instructions thereon are properly refused.

BANKS AND BANKING—AUTHORITY TO OPERATE BRANCH—RATIFICATION—ACTIONS TO RECOVER DEPOSITS—INSTRUCTIONS.   In an action to recover bank deposits in an alleged branch of the defendant bank, where the issue was as to the knowledge of the defendant, it is proper to instruct that the defendant would be liable if it failed to repudiate the operation of the branch bank within a reasonable time after having knowledge that it was being conducted by its officers as a branch, to the same extent as if its officers were given precedent authority; and the same is not open to the objection that it authorizes ratification upon mere constructive knowledge.

APPEAL—RECORD—STATEMENT OF FACTS—COSTS—REVIEW OF EXCEPTIONS.   Exceptions to a cost bill cannot be reviewed where the evidence on the hearing was not brought up by a bill of exceptions or statement of facts, and counsel do not agree as to what matters were considered by the court.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered December 26, 1906, upon the verdict of a jury rendered in favor of the plaintiff, in an action to recover a balance on unpaid bank deposits.   Affirmed.

*Merritt, Oswald & Merritt,* for appellant.

*H. M. Stephens,* for respondent.

Hadley, C. J.—This is an action to recover the balance of unpaid bank deposits.   The complaint states one hundred and four causes of action, representing the claim of the plaintiff as a depositor on his own account and also those of

one hundred and three other depositors, assigned to the plaintiff for the purposes of suit. The complaint avers that the defendant, Farmers and Mechanics Bank, is a corporation under the laws of this state, having its principal place of business in Spokane, and that it is authorized by its articles of incorporation to do a general banking business in as many places as it may determine to carry on such business. It is alleged that the defendant also did a general banking business at Cheney, in Spokane county, from the 5th day of July, 1904, to the 6th day of July, 1906; that the business so done at Cheney was transacted under the name of "Farmers and Merchants Bank." In the first cause of action it is alleged that from time to time the plaintiff deposited with the defendant, through its officers and agents doing business at Cheney, various sums of money, and that on the 6th and 7th days of July, 1906, the plaintiff had on deposit with defendant at Cheney, and the defendant then owed the plaintiff, the sum of $772.20, which remains unpaid; that on said July 7, the defendant refused to pay to plaintiff said sum or any part thereof, and still refuses so to do; that on said date the defendant purported to close its doors and business at Cheney. Similar allegations are made as the basis of the other causes of action, including also allegations as to the assignments to plaintiff. Judgment is prayed for the sum of $10,745.03, with interest.

By stipulation it was agreed that one answer should be treated as a separate answer to each of the causes of action. The answer denies that the defendant did a banking business at Cheney; admits that it did a general banking business at Spokane, but denies any indebtedness on account of the matters set forth in the complaint. The cause was tried by a jury, and a verdict was returned in favor of plaintiff for the sum of $10,004.66. Judgment was entered for the amount of the verdict and for costs. Defendant moved for a new trial, which was denied, and it has appealed.

There is but one designated assignment of error in the brief, which is that the court erred in overruling the motion for a new trial. Many separate points are discussed in argument as included within the one assigned error. We will now consider the points which are specifically argued in the brief. An advertisement of the bank at Cheney was published in the Cheney Free Press, a newspaper published at Cheney. It was published at the instance of a Mr. Henning who had immediate charge of the bank at Cheney. Henning, respondent claims, acted as the agent of appellant, but appellant denied his agency. The advertisement was as follows:

"THE FARMERS AND MERCHANTS BANK, CHENEY, WASH.
"(Branch of the Farmers and Mechanics Bank of Spokane
"Capital $50,000.00)
"To the Public:
"We have opened for business in our temporary location opposite the postoffice and respectfully invite your patronage. Even if you have no business to transact, we shall be pleased to have you call and get better acquainted with us.
"Very truly yours, A. H. Henning, Cashier.
"General Banking Business. Bank Drafts and Money Orders.
"Interest Paid on Time Deposits."

It will be observed that the advertisement states that the bank at Cheney is a "branch of the Farmers and Mechanics Bank of Spokane." It was offered in evidence by respondent and was admitted with the understanding that it was competent evidence as bearing upon the fact that the bank at Cheney was a branch of appellant if the advertisement was brought to the attention of appellant, and with the further understanding that it would be followed with other evidence showing that it was brought to appellant's attention. The publisher of the newspaper afterwards testified that he mailed the paper, postage prepaid, to the appellant at Spokane. The argument is made that the advertisement was no more than the declaration of one who claimed, after the transaction, to have been an agent. We think, in view of the whole evidence, it was not incompetent. The evidence tended to show that

the affairs of the bank were, by a course of dealing, largely left with the executive officers in the immediate charge of the banking business. The testimony without doubt showed that the bank at Cheney was organized by the authority of Mr. Swanson, vice president of appellant, and that Mr. Henning was by him placed in charge. The publication in the paper was a direct assertion to the public that the bank at Cheney was a branch of appellant, and when it appeared that the paper containing the advertisement was mailed directly to the appellant at its home office, it was for the jury to say under all the circumstances whether appellant had knowledge of its contents. The same was true of an advertising circular which contained a similar statement and to which objection was also made. That this circular was received at appellant's Spokane bank was testified by Swanson, but he did not say that he knew that other officers saw it.

A depository bond and the application to the surety company therefor were admitted in evidence over appellant's objection. The bond was made to secure the treasurer of the city of Cheney who had selected the bank at Cheney as a depository for public moneys. The application was made in the name of appellant, and was signed by Swanson as appellant's vice president and by Mr. Claney as its cashier. It contained the following statement:

"This application made to secure bonds for purpose of protecting against loss all moneys deposited in Farmers & Merchants Bank of Cheney, Washington, a private institution controlled by this bank, and this bank holding itself responsible for said bank."

The bond executed in pursuance of the application was executed by both banks as principals and by Fidelity & Deposit, Company of Maryland as surety, and contained the following recitals:

"Whereas, the Farmers and Merchants Bank of Cheney, Washington, is controlled by the Farmers and Mechanics Bank of Spokane, Washington; and

"Whereas, said Farmers and Merchants Bank has been se-

lected by said A. A. Ames, Treasurer of the City of Cheney, Washington, as a depository for public moneys coming into his hands as said Treasurer; and

"Whereas, by reason of the Farmers and Mechanics Bank of Spokane, Washington, controlling and directing the Farmers and Merchants Bank of Cheney, Washington, it is deemed proper that the Farmers and Mechanics Bank of Spokane, Washington, join as a co-principal in this bond to said A. L. Ames, Treasurer of the city of Cheney, Washington   . . ."

We think it was not error to admit these exhibits. It is contended that the application and bond were admitted without showing any authority of appellant to Swanson and Clancy to execute them. It is true that previous authority from the board of directors was not directly shown, but the exhibits did show knowledge on the part of two of the active executive officers of the bank that the bank at Cheney was being held out as a branch of appellant, and that the treasurer of the city of Cheney, who was about to become a depositor of public funds, so understood it. With this knowledge on the part of two such active officers who, as the evidence tended to show, were largely charged with the control of the bank's affairs, it was for the jury to say whether the course of dealing of appellant was such as showed that the knowledge of these officers became, under the circumstances, the knowledge of appellant. It was also shown that the president of appellant possessed practically the same knowledge upon the subject as that of the vice-president and cashier. Without doubt the patrons of the bank at Cheney must have understood from its beginning that it was a branch of appellant, and the evidence shows that such transactions were had between the two banks as may well be said to have indicated such a relationship. It was therefore for the jury to say whether appellant's board of directors, by the exercise of reasonable and ordinary diligence, should have known the facts. It was the duty of the directors to exercise such diligence in the premises. In *Martin v. Webb*, 110 U. S. 7, 3 Sup. Ct. 428, 28 L. Ed. 49, the court said:

"Directors cannot, in justice to those who deal with the

bank, shut their eyes to what is going on around them. It is their duty to use ordinary diligence in ascertaining the condition of its business, and to exercise reasonable control and supervision of its officers. They have something more to do than, from time to time, to elect the officers of the bank, and to make declarations of dividends. That which they ought, by proper diligence, to have known as to the general course of business in the bank, they may be presumed to have known in any contest between the corporation and those who are justified by the circumstances in dealing with its officers upon the basis of that course of business."

See, also, *Coolidge v. Schering*, 32 Wash. 557, 73 Pac. 682; *Rattelmiller v. Stone*, 28 Wash. 104, 68 Pac. 168.

Numerous other objections were made to the admission of testimony in the way of letters written by appellant's officers, and of letters addressed to them. What has been hereinbefore said applies to that testimony. Upon its face it at least had some bearing upon the subject in hand. Letter heads of letters sent from the bank at Cheney to appellant contain the statement in a conspicuous way that the one bank was a branch of the other. A letter written by appellant's cashier related to the lease of the premises occupied by the bank at Cheney. All this evidence was admissible for whatever value it possessed, and it was for the jury to pass upon the questions of knowledge and authority as heretofore stated.

Objection was made to the introduction of the writing under which respondent claims as assignee of the other claimants. It is urged that a part of the writing was detached and excluded as improper, and that it was error to admit only a part of it. The detached part is not in the record, and we cannot determine whether it was properly excluded or not. The record shows that the segregation of parts of the writing was at the instance of appellant. There is sufficient in the record to show assignments supporting respondent's right to sue.

Appellant complains that the court did not instruct the jury concerning what it calls its affirmative defense. That defense was the mere statement that respondent, together with

his assignors, had been in possession and control of the assets of the bank at Cheney, and that no part thereof had ever come into the possession of appellant or its agents.    The whole controversy raised by the complaint and denials thereto was whether appellant had all the time been in possession through its agents.    The affirmative matter therefore raised no new issue.    It could not be treated as intended for the purposes of set-off, for appellant in no way admitted a liability against which there could be a set-off.    Moreover, the evidence did not show the value of the assets so that the jury could make application thereof by way of set-off.    It was shown that a dividend payment had been made from the assets upon deposits, and it is conceded by respondent that whatever remains by way of assets should be applied to reduce the judgment against appellant, but it is contended that the possession of the assets is held for appellant by agents of the latter, and under the issues the finding of the jury would seem to establish such fact. The court therefore did not err in refusing to instruct as to the so-called affirmative defense.

The court instructed the jury in effect that one is liable to the same extent by subsequent ratification that he would be by precedent authority; that if they should find that any officer of appellant purported to start or open a branch bank at Cheney and to do business on behalf of appellant, representing that it was a branch bank of appellant and that the appellant, through its officers or stockholders, thereafter became aware thereof and failed within a reasonable time to repudiate said things, then it, by and through its officers and stockholders, is presumed to have ratified such things and, if ratified, it will be bound thereby.    It is contended that the doctrine of ratification or acquiescence based upon constructive knowledge was repudiated by this court in *Heinzerling v. Agen*, 46 Wash. 390, 90 Pac. 262.    We think the instruction in question, when considered as a whole, does not authorize the finding of a ratification upon mere constructive

knowledge, but that it is rather based upon the theory of knowledge which may have come to the appellant itself through its officers or stockholders, and it was for the jury to find whether such knowledge came to appellant through the source mentioned. Considering all the instructions together, we do not think the jury were misled, and we believe no prejudicial error was committed either in giving or in refusing to give requested ones.

Appellant excepted to respondent's cost bill as filed in the trial court, and supported the exceptions by counsel's affidavit that the facts stated in the exceptions were true. The record shows that, after a hearing and after being fully advised in the premises, the court denied the exceptions. There is, however, nothing in the statement of facts showing what evidence was before the court at that hearing, or what matters and facts were considered by the court in reaching its conclusion. We cannot therefore review the court's finding upon that subject. It is true appellant's counsel say that no affidavits were filed except the one above mentioned, but respondent's counsel says that additional statements and matters were taken into consideration by the court at the hearing. With such dispute existing the certificate of the trial court is necessary to inform this court what facts were considered.

We think it was not error to deny the new trial, and the judgment is affirmed.

MOUNT, CROW, and ROOT, JJ., concur.

DUNBAR and RUDKIN, JJ., took no part.